W. B. Wright, Cisco, for appellant.

Bill B. Hart, Eastland, for appellee.

**William R. BOLLINGER, Appellant,**

v.

**Mary E. BOLLINGER, Appellee.**

No. 4355.

Court of Civil Appeals of Texas, Eastland.

Dec. 12, 1969.

WALTER, Justice.

Mary E. Bollinger filed suit to change the provision in a divorce decree which authorized the father of her children to visit them. The judgment of divorce contained the following provision:

"It further appearing to the Court that there were three children born to the parties hereto as issue of their said marriage, to-wit: Jaye Harlene, a girl, aged 12; Melody Kim a girl, aged 5; and Mary Beth, a girl, aged 4. The Court finds that the Plaintiff is a proper person to have the care and custody of said children until each of said children arrive at the age of 18, and it is so ordered. Defendant shall have the right to visit said children and to have said children visit with him on the first and third Saturdays of each month between the hours of 9 A. M. and 5 P. M., and it is so ordered; said children to be delivered back to the residence of Plaintiff at 5 P. M. on each of said Saturdays, and it is so ordered."

The court changed its provision as follows:

"Defendant shall have the right to visit with the three children from the hours of 2:00 P. M. until 5:00 P. M. on each Father's Day Sunday and on each Christmas Eve of each year, picking the children up at their place of residence and returning them there, provided further that the visiting periods of the father with the said children shall be in the presence of each other and not in the presence of his present family, and it is so ordered."

Mr. Bollinger has appealed and contends the court erred in restricting his visitation rights because there is no evidence of his unfitness.

Appellant's contention, in effect, is that there is no evidence to support the modification of his visitation rights. In Leithold v. Plass, 413 S.W.2d 698 (1967), at page 701, our Supreme Court said:

"* * * To the contrary, we are of the view that a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. *The courts are given wide discretion in such proceedings.*"

"Here the trial court has done no more than modify the existing visitation privileges of petitioner and the validity of its judgment in such respect is to be tested on the assumption that the court found every disputed fact in support of its judgment. * * *"

No useful purpose would be served by narrating the testimony upon which the modification is based. We find in the record evidence of probative force supporting the judgment. We find that the court did did not abuse his discretion.

The judgment is affirmed.